IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ADARTHUS HARPER, ) | |
| ) | |
| Plaintiff, ) | Case No.: 18-cv-04447 |
| v. ) | |
| ) | |
| TEAM INDUSTRIAL SERVICES, INC., ) | |
| a Foreign Corporation d/b/a TEAM SOLUTIONS, ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT TEAM INDUSTRIAL SERVICES, INC.'S
### ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AT LAW

NOW COMES Defendant, TEAM INDUSTRIAL SERVICES, INC., a Foreign Corporation d/b/a TEAM SOLUTIONS ("Team Solutions"), by its attorneys, TRESSLER LLP, and for its Answer and Affirmative Defenses to Plaintiff's Complaint at Law, states as follows:

1. That on or about May 12, 2016, and at all relevant times, the premises located at 12600 South Torrence Avenue, in the City of Chicago, County of Cook and State of Illinois, was possessed, operated, owned, leased, maintained and controlled by Ford Motor Company.

**ANSWER:** **After reasonable investigation, Team Solutions lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore, they are denied and demands strict proof thereof.**

2. That on or about May 12, 2016, and at all relevant times, the Plaintiff, ADARTHUS HARPER, was an employee of Ford Motor Company at the aforesaid premises.

**ANSWER:** **After reasonable investigation, Team Solutions lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore, they are denied and demands strict proof thereof.**

1

3. That on or about May 12, 2016, and at all relevant times, the Plaintiff, ADARTHUS HARPER, was legally and lawfully present within the aforesaid premises.

**ANSWER: After reasonable investigation, Team Solutions lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore, they are denied and demands strict proof thereof.**

4. That on or about May 12, 2016, and at all relevant times, and for some time prior thereto, Ford Motor Company contracted with the Defendant, TEAM SOLUTIONS, to perform cleaning and trash removal services for Ford Motor Company at the aforesaid premises.

**ANSWER: Team Solutions admits the allegations in Paragraph 4.**

5. That on or about May 12, 2016, and at all relevant times, it was the duty of the Defendant, TEAM SOLUTIONS, either individually or by and through its agents and/or employees, to exercise ordinary care and caution for those persons lawfully upon the premises at 12600 South Torrence Avenue, Chicago, Cook County, Illinois and to perform cleaning and trash removal services at the aforesaid premises in a reasonably safe condition so as not to cause injuries to persons lawfully upon the premises, including the Plaintiff.

**ANSWER: The allegations in Paragraph 5 call for a legal conclusion to which no response is required. To the extent a response is required, Team Solutions lacks knowledge or information to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint at Law and demands strict proof thereof.**

6. That on or about May 12, 2016, the Plaintiff, ADARTHUS HARPER, was lawfully on the aforesaid premises working on the assembly line when as a direct and proximate result of the negligence of the Defendant, TEAM SOLUTIONS, by and through its agents and/or employees, drove a trash gondola into a guard rail causing it become dislodged thereby striking the Plaintiff, ADARTHUS HARPER, and causing him severe and permanent injuries as will be hereinafter alleged.

**ANSWER: After reasonable investigation, Team Solutions lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore, they are denied and demands strict proof thereof.**

7. [sic] That the Defendant, TEAM SOLUTIONS, either individually or by its agents and/or employees, was guilty of one or more of the following negligent acts and/or omissions to act:

    a. Operated the gondola at a rate of speed that was greater than was reasonable and proper;
    b. Failed to use ordinary care to operate the gondola in a proper and safe condition;
    c. Failed to provide a good, safe and proper place for the Plaintiff to use and work while inside the aforesaid premises;
    d. Failed to properly and adequately train its employees and/or agents on how to operate the gondola in a safe and reasonable manner within the aforesaid premises;
    e. Was otherwise negligent and careless in the operation and/or maintenance of its services rendered at Ford Motor Company at the aforesaid premises;
    f. Failed to use proper protocol when operating the trash gondola on Ford Motor Company's premises;
    g. Failed to keep a proper look out when operating the trash gondola so as to avoid striking the guard rail;
    h. Failed to maintain control of the trash gondola;
    i. Failed to timely apply the brakes of the trash gondola to avoid striking the guardrail.

**ANSWER:** **Team Solutions denies each and every allegation set forth in Paragraph 7, including subparagraphs (a) through (i) and demands strict proof thereof.**

8. That as a direct and proximate result of one or more of the foregoing wrongful acts or omissions of the Defendant, TEAM SOLUTIONS, the trash gondola being operated by the Defendant, struck a guard rail causing it to become dislodged and striking the Plaintiff, ADARTHUS HARPER and causing him to sustain injuries, both internally and externally, of a permanent and lasting nature; that the Plaintiff was caused to and will in the future be caused to endure pain and suffering in his body and mind; that in an endeavor to cure himself of said injuries, the Plaintiff was caused to and will in the future be caused to expend money for medical care; furthermore, that the Plaintiff was unable to and will in the future be unable to attend to his normal affairs and duties for an extended period of time.

3

**ANSWER:** **Team Solutions denies the allegations in Paragraph 8 and demands strict proof thereof.**

### AFFIRMATIVE DEFENSES

NOW COMES, Defendant, TEAM INDUSTRIAL SERVICES, INC., a Foreign Corporation d/b/a TEAM SOLUTIONS ("Team Solutions"), by its attorneys, TRESSLER LLP, and pleading in the alternative and without prejudice to its other pleadings, states the following as Affirmative Defenses. In so asserting its affirmative defenses, Team Solutions does not waive any rights it has to argue that the laws of a state other than the State of Illinois may apply and does not waive any choice of law arguments it may make in the future or any venue motions:

### First Affirmative Defense

1.  There are no genuine issues as to any material facts and Defendant Team Solutions is entitled to judgment as a matter of law.

WHEREFORE, subject to the denials in its Answer, Team Solutions prays that this Honorable Court dismiss Plaintiff's Complaint at Law and for such other and further relief as this Honorable Court deems fair and appropriate, including costs.

### Second Affirmative Defense

2.  That Plaintiff's claim is barred in total, or at least in part, for failure to state a claim upon which relief can be granted.

WHEREFORE, subject to the denials in its Answer, Team Solutions prays that this Honorable Court dismiss Plaintiff's Complaint at Law and for such other and further relief as this Honorable Court deems fair and appropriate, including costs.

4

### Third Affirmative Defense

3.  Plaintiff's cause of action is barred in total, or at least in part, by Plaintiff's failure to mitigate damages.

WHEREFORE, subject to the denials in its Answer, Team Solutions prays that this Honorable Court dismiss Plaintiff's Complaint at Law and for such other and further relief as this Honorable Court deems fair and appropriate, including costs.

### Fourth Affirmative Defense

4.  Plaintiff's claim is barred by the exclusive remedy provision of the Illinois Worker's Compensation Disability Act.

WHEREFORE, subject to the denials in its Answer, Team Solutions prays that this Honorable Court dismiss Plaintiff's Complaint at Law and for such other and further relief as this Honorable Court deems fair and appropriate, including costs.

### Fifth Affirmative Defense

5.  At the time of the occurrence, Plaintiff had a duty to exercise care for his own safety.

6.  Notwithstanding said duty, Plaintiff was negligent in one or more of the following ways:

    a.  Failed to be reasonably aware of open, obvious and known conditions;

    b.  Failed to avoid an open, obvious, and known hazard;

    c.  Failed to be reasonably careful and cautious; and

    d.  Was otherwise careless or negligent.

5

7. As a direct and proximate cause of Plaintiff's negligence, Plaintiff caused or contributed to his own alleged injuries.

8. Pursuant to the provisions of 735 ILCS 5/2-1116, the Plaintiff should be barred from recovering damages as said contributory fault was in excess of fifty percent (50%) of the proximate cause of the injuries or damages for which recovery is sought or, in the alternative, that the total amount of damages sustained by the Plaintiff should be reduced in proportion to his contributory fault.

WHEREFORE, subject to the denials in its Answer, Team Solutions seeks to bar Plaintiff from recovering damages, or in the alternative, that the total amount of damages sustained by the Plaintiff be reduced in direct proportion to the amount of his contributory negligence and costs.

### Sixth Affirmative Defense

9. In the alternative and subject to the denials in its Answer, any fault of Team Solutions would be less than twenty-five percent (25%) of the total fault attributable to the Plaintiff and any third-party defendant who could have been sued by the Plaintiff.

10. Pursuant to the provisions of 735 ILCS 5/2-1117, any verdict or judgment entered against Team Solutions, would be on a severable basis.

WHEREFORE, in the alternative and subject to the denials in its Answer, this Defendant prays that any verdict or judgment against it be on a severable basis pursuant to 735 ILCS 5/1-1117 and for other appropriate relief.

### Seventh Affirmative Defense

11. Any injuries or damages sustained by the Plaintiff were due to, caused by and the result of the negligence, carelessness, or other unlawful or improper conduct on the part of other third persons, and for which Defendant Team Solutions is not responsible.

WHEREFORE, subject to the denials in its Answer, Team Solutions prays that this Honorable Court dismiss Plaintiff's Complaint at Law and for such other and further relief as this Honorable Court deems fair and appropriate, including costs.

### Eighth Affirmative Defense

12. The guard rail alleged in Plaintiff's Complaint, over which allegedly struck Plaintiff was an open, obvious and known danger and Plaintiff assumed the risk of traveling and/or working around the guard rail, subjecting Plaintiff's Complaint to dismissal as a matter of law.

WHEREFORE, subject to the denials in its Answer, Team Solutions prays that this Honorable Court dismiss Plaintiff's Complaint at Law and for such other and further relief as this Honorable Court deems fair and appropriate, including costs.

### Ninth Affirmative Defense

13. Defendant Team Solutions reserves the right to raise additional affirmative defenses as they become known to the Defendant through the course of discovery and adopting any other defendants' affirmative defenses.

### JURY DEMAND

Defendant Team Solutions demands trial by jury.

Respectfully submitted,

TEAM INDUSTRIAL SERVICES, INC
a Foreign Corporation d/b/a TEAM SOLUTIONS


BY: /s/ Reginald Cloyd III
          One of Its Attorneys

Todd M. Rowe – TRowe@tresslerllp.com
Reginald D. Cloyd III – rcloyd@tresslerllp.com
Tressler LLP
233 South Wacker Drive – 22nd Floor
Chicago, Illinois 60606-6399
Telephone: (312) 627-4000
RDC/#4833-3603-3644

8

## PROOF OF SERVICE

The undersigned, being first duly sworn on oath, deposes and states that she served the foregoing documents referred to therein with the Clerk of the Court for the United States District Court for the Northern District of Illinois by using the CM/ECF system. I certify that I have mailed by the United States Postal Service and emailed the documents referred to the following non CM/ECF participant:

Zachary Baker
Dworkin & Maciariello
134 North LaSalle Street
Suite 650
Chicago, IL 60602
Zbaker@dmchicagoaw.com

/s/ Theresa Williams
[x] Under penalties as provided by law pursuant to 735 ILCS 5/1-109, I certify that the statements set forth herein as true and correct.

9